```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
BRION J. HATHAWAY,

                Plaintiff,

     -against-
                                        MEMORANDUM AND ORDER
                                        07-CV-0113(JS)(ETB)

KAREN O. HATHAWAY,

                Defendant.
-------------------------------X
Appearances:
For Plaintiff:    Brion J. Hathaway, pro se
                  380 Fulton Street, Apt. H2
                  Farmingdale, New York 11735

For Defendant:    No appearance.
```

SEYBERT, District Judge:

Pro se Plaintiff Brion J. Hathaway ("Plaintiff") commenced this action on January 9, 2007 against Karen O. Hathaway ("Defendant") alleging violations of his due process and equal protection rights as protected by the United States Constitution. For the reasons set forth below, the Court DISMISSES the Complaint with prejudice.

BACKGROUND

Plaintiff alleges that, after being married for thirty-three years, he and his wife divorced in July 2003. Plaintiff contends that the New York State court's decision regarding the equitable distribution of assets between Plaintiff and Defendant violated his Constitutional rights based on due process and equal protection grounds.

More specifically, Plaintiff alleges that the state court awarded him "only" 30% of the marital assets, less than 10% of the 5,000 shares of Goldman Sachs stock awarded to the parties by Defendant's employer, and no financial support even though his wife was earning millions of dollars on Wall Street. (Compl. ¶¶ 4, 5.) Plaintiff asserts that "if [he] were a woman, rather than a stay-at-home dad, he would not have received the lop-sided verdict that is apparently based on reverse discrimination." (Id. ¶ 4.) Moreover, Plaintiff argues that his due process rights were violated by the New York State court's refusal "to review plaintiff's case or give plaintiff an opportunity to be heard on appeal . . . ."[1] (Id. ¶ 5.)

Plaintiff seeks monetary damages of $250,000.00 and 2,100 shares of Goldman Sachs stock, worth approximately $420,000.00.

DISCUSSION

It is well-settled that the Court is required to read the Plaintiff's pro se Complaint liberally. See Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (stating that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers"); McEachin v.

---

[1] Plaintiff states that the last decision in his divorce proceedings "from Albany" (presumably the New York State Court of Appeals) was handed down on January 10, 2006. He filed the federal action in this Court on January 9, 2007.

McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). In addition, the Court must weigh the factual allegations in the Complaint in favor of Plaintiff. See Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). Moreover, at this stage of the proceedings, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10. Nevertheless, the Court finds the Complaint must be DISMISSED for the reasons set forth below.

I.  Rooker-Feldman

Plaintiff essentially seeks to have this Court review and modify or invalidate a state-court judgment. This Court, however, lacks subject matter jurisdiction to review that decision. Pursuant to what is commonly known as the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction over suits that are, in substance, appeals from state-court judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-415, 44 S. Ct. 149, 68 L. Ed. 2d 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). The Rooker-Feldman doctrine is limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

3

judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). Accordingly, there are four requirements for the application of the Rooker-Feldman doctrine: (1) the federal-court Plaintiff must have lost in state court; (2) the Plaintiff's injuries must be caused by the state court judgment; (3) the Plaintiff's claims must invite the district court to review and reject that state court judgment; and (4) the state-court judgment must have been rendered prior to the commencement of the district court proceedings. Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).

Here, Plaintiff was the state-court loser in the Family Court or Supreme Court proceedings to the extent that he was dissatisfied with the decision relating to the distribution of the marital assets; and the judgment in those proceedings were rendered prior to the commencement of this action. Accordingly, application of the Rooker-Feldman doctrine to the instant case turns upon the second and third requirements.

Federal suits that raise some independent claim that was not the result of the state-court judgment "are outside Rooker-Feldman's compass even if they involve the identical subject matter and parties as previous state-court suits." Hoblock, 422 F.3d at 86. However, a Plaintiff cannot avoid the application of Rooker-Feldman simply by presenting in federal court a legal theory not raised in state court. See id. Rather, district courts lack

4

subject matter jurisdiction of federal constitutional claims that are "inextricably intertwined" with a challenged state-court judgment, even if such claims were not raised in the state court. Id. (citing Feldman, 460 U.S. at 483-484 n. 16). In other words, district courts lack jurisdiction "over challenges to state court decisions arising out of judicial proceedings, 'even if those challenges allege that the state court's action was unconstitutional.'" Walker v. Feller, No. CV-05-2689, 2005 WL 1971862, at * 4 (E.D.N.Y. Aug. 16, 2005)(quoting Feldman, 460 U.S. at 486).

    A.    Injury Caused By State-Court Judgment

The Second Circuit has provided the following formula to determine whether a Plaintiff is complaining of an injury caused by a state-court judgment:

> [A] federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it. Where a state-court judgment caused the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear.

Hoblock, 422 F.3d at 88.

All of Plaintiff's alleged injuries were caused by the state-court judgment awarding Plaintiff less than he contends he

5

should have received upon his divorce from Defendant; and he does not claim an independent injury distinct from those judgments. See, e.g. Amaya v. McManus, No. 04-C-0913, 2005 WL 2334342, at * 3 (E.D. Wis. Sept. 23, 2005)(finding that Rooker-Feldman barred plaintiff's allegations that the family court violated her constitutional rights by, inter alia, transferring custody of her child and for arresting and imprisoning her for contempt of court of the custody order because such claims involved injuries directly resulting from the state-court judgment); Thomas v. Illinois Dept. of Public Aid, No. 02-C-5722, 2003 WL 22938904, at * 2 (N.D. Ill. Dec. 10, 2003)(finding that the Plaintiff's allegations that his civil rights were violated because he was subjected to illegal child support demands involved injuries stemming from the child support order and, thus, were barred by the Rooker-Feldman doctrine); see also Hoblock, 422 F.3d at 87 (stating in dicta that a civil rights action challenging a state court order terminating a father's parental rights as a violation of due process impermissibly complains of an injury caused by the state court judgment).

  B. Review And Rejection Of State Court Judgments

  Since Plaintiff bases his Complaint upon alleged due process and equal protection violations, he is clearly inviting this Court to review and reject the state courts' judgments. See, e.g. Walker, 2005 WL 1971862, at * 5 (finding that to the extent

6

the Plaintiffs based their federal complaint upon correctable irregularities in the state court procedures, they were plainly asking the court to review and reject the state court's judgment and, thus, those claims were barred by Rooker-Feldman); see also Hale v. Harney, 786 F.2d 688, 689-690 (5th Cir. 1986) (dismissing the complaint for lack of subject matter jurisdiction, finding that the plaintiff's civil rights action against his former wife, her attorney and the state court judge who presided over the divorce litigation, in substance, impermissibly sought review and reversal of the state court decree granting custody of the parties' children and substantial child support to the Plaintiff's former wife); Amaya, 2005 WL 2334342, at * 4 (finding that the plaintiff's claims that the defendants violated her constitutional rights when she was arrested and custody of her child was transferred to the father, which were based on the argument that the state court lacked jurisdiction, required impermissible review of the state court judgment); Rucker v. County of Santa Clara, No. 02-C-5981, 2003 WL 21440151, at * 2 (N.D. Cal. June 17, 2003) (finding that the plaintiff's civil rights action alleging that his due process rights were violated by issuance of a garnishment order for back child support called upon the district court to review the legality of the state court order and, thus, was barred by the Rooker-Feldman doctrine). Accordingly, Plaintiff's constitutional claims are barred by the Rooker-Feldman doctrine.

## II. Claims Against Defendant Pursuant To 42 U.S.C. § 1983

Even if this Court had jurisdiction over this action, Plaintiff's claims would nevertheless fail. To the extent that Plaintiff is asserting claims based on violations of his Constitutional rights to due process and equal protection of the law, pursuant to 42 U.S.C. § 1983, those claims must be dismissed.

To state a claim under section 1983, "a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999) (citing Dwares v. New York, 985 F.2d 94, 98 (2d Cir. 1993)(overruled on other grounds)).

Only under highly limited circumstances, not present here, will private individuals, such as Defendant in this action, be held liable under Section 1983. See Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992); see also Rendell-Baker v. Kohn, 457 U.S. 830, 838-42, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 157-60, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978). Defendant is a private individual who is not alleged to have any connection with any government body, and has not acted under color of state law. Accordingly, Plaintiff has not presented a cognizable Section 1983 claim.

III. <u>Leave To Amend</u>

Generally, a district court should not dismiss a <u>pro</u> <u>se</u> complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." <u>Aquino v. Prudential Life and Casualty Ins. Co.</u>, 419 F. Supp. 2d 259, 278 (E.D.N.Y. 2005)(citing <u>Thompson v. Carter</u>, 284 F.3d 411, 419, (2d Cir. 2002); <u>Branum v. Clark</u>, 927 F.2d 698, 705 (2d Cir. 1991)). Nevertheless, "[f]utility is a valid reason for denying a motion to amend . . . where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." <u>Pangburn v. Culbertson</u>, 200 F.3d 65, 70-71 (2d 1999) (internal quotation marks and citations omitted). Because Plaintiff has failed to present any arguably meritorious claims, amendment would be futile. <u>See</u> <u>Marchi v. Bd. of Cooperative Educ. Servs. of Albany</u>, 173 F.3d 469, 478 (2d Cir. 1999), <u>cert.</u> <u>denied</u>, 528 U.S. 869, 120 S. Ct. 169, 145 L. Ed. 2d 143 (1999). Accordingly, the Complaint is DISMISSED with prejudice.

## CONCLUSION

For all of the reasons stated herein, the Complaint is DISMISSED with prejudice.  The Clerk of the Court is directed to mark this case closed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J

Dated: Central Islip, New York
       April 5, 2007